IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ADAMS AND TONI ADAMS,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br>WELLS FARGO BANK N.A., AS TRUSTEE FOR SASCO MORTGAGE LOAN TRUST 2005-WF3 and DOE DEFENDANTS I THROUGH X, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING WELLS FARGO BANK'S MOTION TO DISMISS<br><br><br><br><br>Case No. 1:17cv61<br><br>Judge Dee Benson |

This matter is before the Court on Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiffs' Complaint. (Dkt. No. 10.) Plaintiffs Michael and Tony Adams filed a timely opposition, to which Wells Fargo replied. (Dkt. Nos. 15 & 18, respectively.) Accordingly, the motion is now ready for decision. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

# BACKGROUND[1]

On May 16, 2005, Plaintiffs entered into a loan agreement with Wells Fargo wherein Wells Fargo distributed $337,500.00 as a loan to Plaintiffs, and the Plaintiffs promised to make periodic payments, with the property located at 1952 North 2050 East, Layton, Utah 84040 to serve as collateral. (See Deed of Trust at 2-3, Note at 1.)

Approximately one year later, Plaintiffs began struggling to make their payments pursuant to the loan agreement. In July of 2006, Plaintiffs failed to make the agreed upon payment and requested to refinance the loan. The loan agreement between the parties does not entitle Plaintiffs to a modification or refinance of the loan, and Plaintiffs do not allege otherwise. Nonetheless, in February 2007, Plaintiffs requested and were sent refinance paperwork. Plaintiffs received the paperwork during the first week of February, and were confused or concerned when it had a due date of February 1. Upon notifying the bank of the already-past February 1 due date, the bank provided an amended due date of February 15 to return the paperwork and make the first payment. However, even with the amended due date, Plaintiffs acknowledge: "We cannot remember when we sent our payment that month but they rejected the refinance and our payment because of the paperwork and payment being late." (Toni Adams Decla. at 4.)

As a result of Plaintiffs' failure to make timely and complete payments as required under

---

[1]The following facts are taken from the Complaint, the documents referenced therein, and publicly recorded documents. The Court may take judicial notice of public records and documents referred to in the Complaint without converting the motion into a motion for summary judgment. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016).

the loan agreement they were notified numerous times, over the course of many years, that the Property was at risk of foreclosure. According to the allegations in the Complaint, the Property was scheduled for foreclosure fourteen times over the course of the next 10 years (between 2007 and 2017). (Compl. ¶ 31.) The declaration of Toni Adams states that the Plaintiffs received foreclosure notices in 2007, summer of 2008, December of 2008, August of 2009, May of 2010, August of 2010, April of 2011, January of 2012, November of 2012, December of 2012, January of 2013, May of 2014, June of 2014, September of 2014, May of 2015, July of 2016, and August of 2016 (a total of 18 times). (Toni Adams Decla. at 4-16.)

From 2007 through 2017, Plaintiffs employed various techniques to avoid foreclosure of the property. Plaintiffs declared bankruptcy on multiple occasions and applied for loan modifications. In fact, Plaintiffs allege to have applied and qualified for a loan modification somewhere between four and seven times between 2007 and 2017. Plaintiffs admit, however, that they never received a permanent modification. According to the allegations in the Complaint, Plaintiffs acknowledge that they did not receive a permanent modification for a variety of reasons including their failure to completely and accurately submit their paperwork, the presence of a lien on the Property, and a discrepancy between their current income and the income necessary to qualify for modification. (Compl. ¶¶ 7, 39, 61.)

As a result of Plaintiffs' failure to cure their default under the terms of the loan, Wells Fargo eventually exercised its right to sell the Property. Wells Fargo entered a notice of default on the Property and the Property was sold at a foreclosure sale to US Bank on January 26, 2017.

Months later, on May 5, 2017, Plaintiffs filed the Complaint in this case, asserting five

causes of action against Wells Fargo: (1) fraudulent deprivation of real property by pseudo foreclosure attempts, (2) quiet title in favor of Plaintiffs, (3) intentional infliction of emotional distress, (4) fraud, and (5) breach of the implied covenant of good faith and fair dealing. These claims all appear to rest on the allegation that Wells Fargo improperly denied the Plaintiffs a permanent modification to their home mortgage. Defendant Wells Fargo has moved to dismiss the Complaint on the basis that Plaintiffs have failed to allege facts sufficient to support any of the causes of action set forth in the Complaint.

## DISCUSSION

Rule 12(b)(6) allows a party to move for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed when plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).

Although the Court will accept well-pleaded factual allegations in the Complaint as true, it need not accept conclusory allegations without supporting factual averments. *See id*. ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Ultimately, "[d]ismissal is appropriate if the law simply affords no relief." *See Commonwealth Prop. Advocates v. Mort. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011). "The purpose of the rule is to allow the court to eliminate

actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Scimed*, 988 F.2d at 1160.

Applying these well-established standards, and accepting Plaintiffs' allegations as true, the Court agrees with the reasoning and analysis set forth in Wells Fargo's motion to dismiss. Although the allegations in the Complaint are voluminous, they are not sufficient to support the claims alleged.

Plaintiffs attempt to depict the foreclosure of their Property as the result of various intentional and fraudulent actions on Wells Fargo's behalf, yet Plaintiffs do not dispute that they defaulted on their obligations under the Note, which default permitted Wells Fargo to exercise its powers to conduct a foreclosure sale. Under the Note that both Plaintiffs signed, Wells Fargo's disbursement of $377,500 was contingent upon Plaintiffs continuously making monthly payments. If Plaintiffs did "not pay the full amount of each monthly payment on the date it [was] due," they were in default. (Note, Ex. B at 2.) Once Plaintiffs were in default, Wells Fargo was authorized to exercise certain options including the power of foreclosure. Importantly, Wells Fargo's authorization to exercise the power of sale continued even if Wells Fargo did not exercise it immediately upon default. Plaintiffs admit to defaulting on the Note by missing a loan payment as early as July of 2006 and admit to continuously missing loan payments each month throughout the next ten years. (Tony Adams Decla. at 3-16.)

The causes of action set forth in Plaintiffs' Complaint are not based on sufficient factual allegations or on any cogent legal theory. As such, the Court finds that Plaintiffs have failed to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.

Plaintiffs fail to refer to any of the required elements for the causes of action set forth in the Complaint and they make no attempt to explain how the facts they have alleged support those claims or elements. For example, Plaintiffs seek to rely on the Home Affordable Modification Program ("HAMP") and the Troubled Asset Relief Program ("TARP"), but have failed to allege facts demonstrating that Plaintiffs were eligible for such relief or that these programs have any applicability given the facts of this case.

Similarly, Plaintiffs' cause of action for "quiet title" is based the theory that the "Note and Trust Deed were intentionally separated by assignment of the Trust Deed without assignment of the Note during the securitization process, thus forfeiting foreclosure rights." (Compl. ¶¶ 41-44.) However, this "split-the-note theory" has been repeatedly rejected by state and federal courts in Utah. *See, e.g.*, *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1204 (10th Cir. 2011). Moreover, the quiet title claim is moot since the property has already been transferred with clear title. (Trustee's Deed at 2.)

With regard to Plaintiffs' fraud claims, the court finds that they also fail to satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). To plead fraud with the required particularity, a plaintiff typically must allege the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). The Plaintiffs' allegations of fraud are both vague and conclusory and are insufficient to satisfy this

heightened pleading standard.

## CONCLUSION

For these reasons, and for the additional reasons set forth in greater detail in Wells Fargo's Memorandum in Support of its Motion to Dismiss and Wells Fargo's Reply in Support, the Court GRANTS Wells Fargo's Motion to Dismiss. Plaintiffs' Complaint is hereby dismissed with prejudice.

It is so ordered.

Dated this 14th day of September, 2017.

_____
Dee Benson
United States District Judge