IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ADAMS and TONI ADAMS,<br><br>    Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK N.A., AS TRUSTEE FOR SASCO MORTGAGE LOAN AND TRUST 2005-WF3 and DOE DEFENDANTS I THROUGH X, inclusive,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:17-CV-61<br><br>Judge Dee Benson |

    Plaintiffs Michael and Toni Adams seek relief under Rule 60 of the Federal Rules of Civil Procedure from the court's September 14, 2017 Memorandum Decision and Order granting Wells Fargo Bank's Motion to Dismiss Plaintiffs' Complaint.  For the reasons stated below, the court DENIES plaintiffs' motion.

## BACKGROUND

    On May 3, 2017, Plaintiffs filed a "Complaint Against Wells Fargo Bank et al. For Fraudulent Pseudo Foreclosure Attempts; Quieting Title in Adams; Intentional Infliction of Emotional Distress; Fraud; Breach of the Covenant of Good Faith and Fair Dealing."  (Dkt. No. 1.)

    Two days later, on May 5, 2017, Plaintiffs filed a "Motion Ex Parte to Bar Defendants From Selling Plaintiffs' Home and to Protect Them Against Defendants' Further Efforts to Take Plaintiffs' Home."  (Dkt. No. 2.)

Defendants were served with the motion, and after it was fully briefed the court held oral argument. On May 31, 2017, after reviewing the written materials and listening to the arguments of counsel, the court issued an oral ruling, denying plaintiffs' motion for injunctive relief. (Dkt. No. 12.)

Four days later, on June 4, 2017, plaintiffs filed "Plaintiffs' Motion to Alter or Amend the Court's Denial of their Motion for a Protective Order Against Wells Fargo Bank's Interference With Their Occupancy and Possession of Residential Real Property on the Basis of Plain Error Caused by the Bank's Representing that the Plaintiff's [sic] Home Had Been Sold When it Had Not." (Dkt. No. 13.) On July 5, after briefing was complete, the court entered an order denying plaintiffs' motion on the basis that the motion merely re-stated the same arguments presented in the original motion for protective order and at oral argument on the same. (Dkt. No. 17.)

In the interim, defendants filed a "Motion to Dismiss Plaintiffs' Complaint" pursuant to Rule 12(b)(6), asserting that plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted. (Dkt. No. 10.) Plaintiffs filed an opposition to the motion, to which the defendants replied. (Dkt. Nos. 15 & 18, respectively.)

On September 14, 2017, the court issued a written Opinion granting defendants' motion to dismiss. (Dkt. No. 19.) The court concluded that plaintiffs had failed to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, and the causes of action in the Complaint were not based on sufficient factual allegations or on any cogent legal theory. (*Id.* at 5-6.) The court also concluded that plaintiffs' fraud claims failed to satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure, finding plaintiffs' fraud allegations to be both vague and conclusory. (*Id.* at 6-7.)

On October 13, 2017, Plaintiffs filed a Notice of Appeal with the United States Court of Appeals for the Tenth Circuit. (Dkt. No. 21 & 22 (Correspondence from Tenth Circuit).)

On November 28, 2017, the United States Court of Appeals for the Tenth Circuit issued an Order dismissing plaintiffs' appeal for lack of prosecution pursuant to 10th Cir. R. 42.1. (Dkt. No. 24.)

On January 18, 2018, plaintiffs filed the instant "Motion to Set Aside Order Dismissing Subject Case With Prejudice As Unfounded And Against The Law," relying on Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 25.) As grounds for the motion, plaintiffs appear to argue that the court erred in concluding that the plaintiffs' complaint failed to satisfy Rule 8 and Rule 9 of the Federal Rules of Civil Procedure. More specifically, plaintiffs state in their motion: "The Court repeatedly warned plaintiffs that they had not stated any valid cause of action. Plaintiffs repeatedly stated that Rule 12b(6) [sic] did not require that a valid cause of action be stated, but only facts." (Pl's Motion to Set Aside Order Dismissing Case at 2.)

## **DISCUSSION**

"Relief under Rule 60(b) [of the Federal Rules of Civil Procedure] is committed to the sound discretion of the district court and is warranted only under exceptional circumstances." *Widman v. Keene*, Slip Opinion, 2017 WL 1901424, *2 (D. Utah May 8, 2017) (quoting *U.S. v. Rice*, 594 Fed. Appx. 482, 484 (10th Cir. 2014)). Rule 60(b) permits a district court to "relieve a party . . . from a final judgment, order or proceeding" for six specific, enumerated reasons. Fed. R. Civ. P. 60(b). In the motion now before the court, plaintiffs do not specify the reason or reasons upon which they rely. Having reviewed the motion, the court is unable to identify any allegation or argument that would fall within the reasons set forth in Rule 60(b)(1)-(5). Accordingly, the court presumes that the "catch-all" provision of Rule 60(b)(6), "any other

reason that justifies relief," is the relied upon avenue for relief. Specifically, Rule 60(b)(6) permits relief from judgment for "any other reason that justifies relief," other than the reasons listed in 60(b)(1)-(5), and "requires a showing of extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).

Extraordinary circumstances are those "so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Rehashing the same arguments and points previously made to the court are not extraordinary circumstances. *See McGee v. Rudeck*, 573 Fed. Appx. 792, 731 (10th Cir. 2014).

Plaintiffs' argument in the present motion – that they complied with the pleading requirements of the Federal Rules of Civil Procedure – has been a matter of repeated discussion in this case, particularly during the oral argument held on May 31, 2017, and plaintiffs expressly recognize and acknowledge that the adequacy of the complaint in this matter has been repeatedly addressed, both by the parties and the court. As set forth above, in the motion now before the court, plaintiffs state: "The Court repeatedly warned plaintiffs that they had not stated any valid cause of action." (Dkt. No. 25, Pl's Mot to Set Aside Order Dismissing Case at 2.)

Having reviewed plaintiffs' Rule 60(b) motion, the court finds that plaintiffs' argument in the present motion is simply a re-argument of the same information previously presented and rejected by the court at oral argument (Dkt. No. 12), in the court's ruling on plaintiffs' motion to alter or amend (Dkt. No. 17), and in the court's order granting defendants' motion to dismiss (Dkt. No. 19). As previously stated, rehashing the same arguments and points previously made does not amount to "extraordinary circumstances" for purposes of a Rule 60(b) motion. *See McGee*, 573 Fed. Appx. at 731.

Therefore, plaintiffs have failed to show "extraordinary circumstances" as required for relief from judgment pursuant to Rule 60(b). Accordingly, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Dated this 28th day of February, 2018.

BY THE COURT:

_____
Dee Benson
United States District Judge